AMERICAN NATIONAL BANK v. SAVANNAH TRUST COMPANY AND WACHOVIA LOAN AND TRUST COMPANY, GARNISHEE.

(Filed 1 November, 1916.)

1. **Banks and Banking—Correspondent Bank—Collection—Drafts—Lost in the Mail—Negligence.**

Where a bank sues its correspondent bank for the amount of a deposit therein, and the defendant sets up, as a counterclaim, the negligence of the plaintiff in not notifying it of a draft, the amount of which would offset the amount claimed in the action, and it appears that the plaintiff mailed the draft to the defendant without hearing from it and without inquiry for a month, and that the defendant had not received it: *Held*, the omission of the plaintiff to make due inquiry after not hearing from the defendant was negligence *per se*.

2. **Same—Drafts—Payee Bank—Negligence.**

It is negligence *per se* for a bank to send a draft or check for collection to the payee bank.

3. **Same—Counterclaim—Burden of Proof—Trials—Questions for Jury.**

While a forwarding bank may be negligent in not making due inquiry of its correspondent bank, etc., as to a draft sent the latter for collection,

but was lost in the mail, the burden of proof is on the correspondent bank to show, in order to recover the amount set up as a counterclaim in plaintiff's action, that it has sustained damages arising from such negligence, which raises an issue for the determination of the jury.

CIVIL ACTION tried at April Term, 1916, of NEW HANOVER, before *Peebles, J.*

At the conclusion of all the evidence the court rendered judgment in favor of the defendant The Savannah Trust Company. The plaintiff appealed.

*Herbert McClammy* for *plaintiff.*
*John D. Bellamy & Son* for *defendant.*

BROWN, J. The plaintiff sued the defendant The Savannah Trust Company to recover the amount of a deposit in the said trust company, a corporation of Savannah, Georgia, and attached the sum of $1,400 in the possession of the Wachovia Loan and Trust Company of Winston-Salem. The defendant admitted the deposit and claimed that it had applied a part of it to the payment of a draft for $705, dated Swansea, S. C., 18 November, 1912, drawn by R. L. Lybrand & Co. on the Bank of Swansea in favor of Reliance Fertilizer Company. The defendant forwarded the draft to plaintiff bank, where it was received and credited to defendant 23 November, 1912. The plaintiff claims it forwarded the draft to the drawee, the Bank of Swansea, on same day for payment. The drawee made no acknowledgment, and plaintiff charged it up to the defendant, which in effect struck out or balanced the credit of the item. The defendant charged the $705 up to plaintiff as a debit against latter's deposit, and avers in its counterclaim that plaintiff is liable to it for the $705 in failing to exercise due diligence in collecting the draft, for which sum defendant prays judgment against plaintiff.

In any view of the evidence as now presented, we think plaintiff was negligent. It received the draft 23 November, 1912, and forwarded it by mail to the drawee, the Bank of Swansea, the same day for payment. Plaintiff never heard from the Bank of Swansea until 24 December, 1912, when in response to telegraphic inquiry the latter replied in substance that plaintiff's letter and draft were never received. There is no evidence before us that plaintiff made inquiry of the Swansea Bank, after mailing the draft, until 24 December, 1912. There is no evidence that plaintiff notified the defendant of the loss of the draft in the mails and that it had not been paid until over a month after plaintiff had received it and credited defendant with it.

We think, in any view of the evidence, plaintiff was guilty of negligence in not notifying the defendant of the loss of the draft as soon as it had reason to believe it was lost. The evidence is that a letter mailed at Wilmington, N. C., in the morning should reach Swansea, S. C., the following day.

Not hearing from the Swansea Bank, plaintiff should have made inquiry of it at once, and in. due time have notified the defendant in order that the latter or its customer, the payee, might take immediate steps to protect themselves. Not to do so for one month after receiving the draft was negligence.

Plaintiff was also negligent in sending the draft direct to the drawee, the Bank of Swansea. "It is negligence in a bank having a draft or check for collection to send it directly to the drawee, and this is true though the drawee is the only bank at the place of payment." *Bank v. Floyd,* 142 N. C., 187; 3 R. C. L., 255, note 13; *Bank v. Bank,* 5 A. and E. Anno. Cases, 753. While the form of this action in arraying the parties is different, this is practically an action by the defendant to recover damages of the plaintiff for negligence in respect to the draft. That is the gravamen of defendant's counterclaim. If the evidence is taken to be true, the plaintiff has been negligent; but something more is necessary to justify a recovery by the defendant. The burden of proof is upon it to show that it has sustained damage by reason of plaintiff's negligence. While there is evidence from which a jury might infer that the draft would have been paid if presented in apt time, the judge drew the inference himself and did not submit the issue to the jury. There is no evidence that defendant purchased the draft or paid anything for it. We would infer from the correspondence in evidence, and especially the letter of 6 February, 1913, that the fertilizer company was a customer of the defendant and deposited the draft for collection. There is no evidence that the defendant has paid to its customer the amount of the draft or admits its liability for same.

For these reasons we think there must be a *venire de novo,* and that the issues should be submitted to a jury with proper instructions.

The costs of this Court will be taxed against the defendant The Savannah Trust Company, the appellee.

New trial.